IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN KEVIN TURNER,

    Plaintiff,                   No. CIV S-09-0632 GEB DAD P

    vs.

KATHLINE DICKINSON, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, the court concludes that plaintiff is attempting to state claim that he has been provided inadequate medical care in violation of the Eighth Amendment.[1]

II.  Standards for Eighth Amendment Claim

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

---

[1] Plaintiff is advised that his inadequate medical care claim is governed by Eighth Amendment standards.  The Fourteenth Amendment's substantive due process clause provides the basis for a medical care claims presented by pretrial detainees.  See Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).

3

serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

/////

4

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

III. Discussion

In his complaint, plaintiff alleges that the named defendants, physicians and administrators at four correction facilities, failed to both properly conduct necessary testing and treat plaintiff for his left shoulder pain. In this regard, plaintiff contends that defendant Rohrer, a physician California State Prison - Solano, did not refer plaintiff to a Board-certified orthopedic specialist for corrective surgery or treatment, as was recommended by Dr. Naku. (Compl., Attach. at 6.) Plaintiff merely refers to Exhibits A and B which consist of radiology reports suggesting a MRI of the shoulder if there was continued pain which also reflect that defendant Rohrer subsequently ordered a MRI.

Plaintiff's allegations and the attached exhibits do not, however, sufficiently allege facts that would demonstrate that defendant Rohrer was deliberately indifferent to plaintiff's shoulder condition. Even if there was a difference of opinions between defendant Rohrer and Dr. Naku as to what tests should be administered, this would fail to demonstrate an Eighth Amendment violation unless plaintiff also alleges facts demonstrating that the course of treatment defendant Rohrer chose was medically unacceptable under the circumstances and in conscious disregard of an excessive risk to plaintiff's health. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint with respect to his claims against defendant Rohrer.

5

Plaintiff's remaining allegations concern treatment he received at other prisons that are located outside this court's jurisdiction. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The court finds that to the extent plaintiff is attempting to challenge the medical care provided to him at Pleasant Valley State Prison by defendants Hana, Igbinosa, Phi, and Diep he is presenting a separate and distinct claim from that which he brings against defendant Rohrer for medical care provided at California State Prison - Solano. Pleasant Valley State Prison is located in the Fresno Division of the U.S. District Court for the Eastern District of California and any such claims arising therefrom should be pursued in a separate action filed in the Fresno Division of this court.

Defendant Capot is a physician at the Tehachapi Maximum Security Prison. As to this named defendant, plaintiff has not alleged sufficient facts to demonstrate any deliberate indifference to plaintiff's medical needs. Plaintiff merely alleges that defendant Capot received a "rough draft copy of plaintiff's MRI impression." (Compl., Attach. at 7.) Plaintiff also alleges that according to the radiology report, there was "no evidence of fracture or other bony abnormality . . . . joints are unremarkable . . . . [and] no soft tissue calcification." (Compl., Attach., Ex. D-2.) Plaintiff's allegations do not suggest that defendant Capot was deliberately indifferent to plaintiff's medical needs when an MRI of his shoulder showed no abnormalities. Moreover, If plaintiff intends to pursue an action against defendant Capot by alleging additional facts in support of such a claim, he should include this defendant in any complaint he files in a separate action in the Fresno Division of the U.S. District Court for the Eastern District of California since the Tehachapi institution is located within that division of the court.

Lastly, in his complaint plaintiff has apparently attempted to name as defendants Warden Dickinson and Chief Medical Officer Traquino, who are employed at the California State Prison - Solano.[2] Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's complaint does not set forth sufficient factual allegations to support a cognizable § 1983 claim against defendants Dickinson and Traquino. If plaintiff intends to proceed with any claim against these defendants, he must provide specific allegations as to each defendant and their involvement in the alleged violation of his constitutional rights in his amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of defendant Rohrer, Dickinson and Traquino must be sufficiently alleged.

/////

/////

---

[2] Defendants Dickinson and Traquino are not included in the section of plaintiff's complaint bearing the title, "Parties." However, plaintiff has named these defendants in other sections of his complaint. See Compl. at 1; Attach. Compl. at 8.

7

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 9, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff's amended complaint filed in the Sacramento Division of this court must be limited to claims alleged against defendants Rohrer, Dickinson and Traquino or other prison officials whose alleged acts took place at institutions located within this division of the court.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 6, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
turn0632.14