IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN KEVIN TURNER,

    Plaintiff,                          No. CIV S-09-0632 GEB DAD P

    vs.

KATHLINE DICKINSON, et al.,        ORDER AND

    Defendants.                  FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant Dr. Rohrer's motion to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to filing this action. Plaintiff has opposed the motion and defendant has filed a reply.

**BACKGROUND**

        Plaintiff filed his complaint in this court on March 6, 2009. On November 9, 2009, the court dismissed plaintiff's complaint, finding his allegations concerning inadequate medical care to be insufficient. The court granted plaintiff leave to file an amended complaint within thirty-days. See Doc. No. 7 at 5. On January 6, 2010, plaintiff filed his amended complaint. (Doc. No. 12.) On September 21, 2010, the court determined that the amended

1

complaint stated a cognizable Eighth Amendment medical care claim as to defendant Dr. John Rohrer.[1] (Doc. No. 14.) Although service was deemed appropriate on defendant Dr. Rohrer, the court did not order service on supervisorial defendants, Warden Dickinson and Chief Medical Officer Traquino. Subsequently, on October 21, 2010, the court ordered the U.S. Marshal to serve process only on defendant Dr. Rohrer.

## AMENDED COMPLAINT

In his amended complaint plaintiff alleges as follows. Defendant Rohrer is a physician employed at the California State Prison - Solano (CSP-Solano) where plaintiff was incarcerated in 2004. (Doc. No. 12 at 7.) On March 22, 2004, defendant examined plaintiff's left shoulder because plaintiff was suffering from "sudden pain in his left-shoulder which was swollen." (Id.) Defendant Dr. Rohrer ordered an MRI for plaintiff which was administered on June 6, 2004. (Id. at 7 & 23.) The radiology report from that MRI noted "tendinitis or partial tear of the supraspinatus tendon" and "AC joint degenerative change." (Id. at 23.)

Plaintiff contends that defendant Dr. Rohrer "let plaintiff transfer from state prison to state prison without submitting the necessary medical holds so that plaintiff could receive his left shoulder surgery . . . [and as a result] plaintiff now suffers from irreversible injury." (Id. at 8.) On September 23, 2008, plaintiff had surgery at Queen of the Valley Medical Hospital, after four years of delay, pain and suffering. (Id. at 10.) Plaintiff believes that his transfers from prison to prison were part of a conspiracy planned by defendant Dr. Rohrer and Chief Medical Officer Traquina. (Id. at 10.) Plaintiff also contends that defendant Dr. Rohrer "failed to submit a referral to a Board Certified orthopedic specialist for surgery-corrective treatment of left shoulder/right knee surjury [sic]." (Id. at 8-9.) Plaintiff contends that defendant

/////

---

[1] Although the court noted in the September 21, 2010 order that a medical care claim is cognizable under the Eighth Amendment rather than the Fourteenth Amendment, the court takes this opportunity to clarify that plaintiff's amended complaint actually presents five related claims for relief on which this action is proceeding.

was deliberately indifferent with respect to plaintiff's medical care in violation of the Eighth and Fourteenth Amendments.[2]  (Id. at 9.)

   Plaintiff alleges the following five claims for relief: (1) violation of Eighth and Fourteenth Amendments for subjecting plaintiff to cruel and unusual punishment; (2) violation of the Eighth and Fourteenth Amendments for violating plaintiff's "right to personal security[;]" (3) conspiracy in violation of 42 U.S.C. §§ 1985 and 1986; (4) failure of defendant Dr. Rohrer to be properly trained and supervised in violation of plaintiff's rights under the Eighth and Fourteenth Amendments; and (5) negligence under California Civil Code § 43 et seq. (Id. at 11-12.)  In terms of relief, plaintiff seeks damages, including punitive damages, declaratory judgment and injunctive relief.  (Id. at 12-13.)

   Plaintiff contends that on December 28, 2007, he exhausted his available administrative remedies by filing his inmate appeal, Log No. PVSP-07-01024.  (Id., ¶ 35 at 11.)

**MOTION TO DISMISS**

I. Defendant's Motion

   Defendant moves for the dismissal of this action due to plaintiff's alleged failure to exhaust administrative remedies prior to filing suit as required.  Defendant makes two arguments in support of his motion.

   First, defendant argues that although plaintiff submitted an inmate appeal, log number PVSP-07-01024, the issues raised in that inmate appeal are not the same issues raised in plaintiff's civil rights complaint pending before this court.  (P&A at 8.)  Defendant contends that in that inmate appeal plaintiff complained only that a Dr. Diep had recommended surgery for plaintiff's left shoulder after an updated MRI was done on plaintiff's left elbow. (Id. at 3-4.)  According to defendant, in that inmate appeal plaintiff also alleged that the recommended MRI

---

[2] As noted above, on September 21, 2010, the court advised plaintiff his medical care claim was proceeding as an Eighth Amendment claim and not as an alleged violation of his rights under the Fourteenth Amendment.

3

had not been administered and requested that all recommended surgeries and specialized services in his case be performed on an emergency basis. (Id. at 4.) Defendant notes that this appeal was partially granted and it was ordered that PVSP medical staff coordinate with staff at the California Medical Facility regarding plaintiff's referral for back surgery, referral for orthopedics for plaintiff's shoulder and referral to a rheumatologist. (Id.)

Defendant Dr. Rohrer argues that this inmate appeal did not put him on notice of any complaint by plaintiff against him for failing to adequately treat plaintiff's shoulder. (Id. at 9.) Defendant also notes that this inmate appeal was filed nearly three years after any alleged deliberate indifference attributable to him in plaintiff's amended complaint filed in this action and was submitted while plaintiff was incarcerated at PVSP, not at CSP-Solano where defendant Dr. Rohrer is employed. (Id.) In addition, defendant Dr. Rohrer argues that this inmate appeal raised concerns by plaintiff with respect to Drs. Smith, Phi, and Diep at PVSP, not himself or the medical staff at CSP-Solano. (Id.) Thus, defendant Dr. Rohrer argues, the issues raised in the inmate appeal filed on December 28, 2007 and the claims set forth in the amended complaint pending before this court are completely different with respect to time, place, manner and participants and that inmate appeal did not serve to satisfy the exhaustion requirement. (Id.)

Second, defendant Dr. Rohrer argues that although plaintiff filed another inmate appeal that addressed the issues and claims raised in plaintiff's amended complaint pending before the court, Log No. CSP-S-04-00844, he failed to exhaust his administrative remedies with respect to that grievance by appealing to the highest level of administrative review. (Id. at 9-10.) In this latter administrative appeal plaintiff sought reasonable accommodations under the Americans with Disabilities Act (ADA). (Id.) According to defendant Dr. Rohrer, plaintiff alleged in inmate appeal CSP-S-04-00844 that he was being deprived of necessary pain medications and he requested to have access to occupational therapy, to be seen by an orthopedic surgeon, to have the MRI for his knee damage read to him, and to have "'grab bars'" installed in the shower area of his housing unit. (Id. 4-5.) On April 2, 2004, defendant Dr. Rohrer

interviewed plaintiff at the first formal level of review with respect to this inmate appeal. (Id. at 5.) The appeal was partially granted and defendant Dr. Rohrer referred plaintiff to an orthopedic specialist and a physical therapist. (Id.) Defendant also prescribed medications for plaintiff but denied his request for the installation of grab bars in his housing unit. (Id.) Plaintiff appealed to the second level of administrative review arguing that defendant Dr. Rohrer was biased, discriminatory and violating the ADA. (Id. at 6.) At the second level, plaintiff's inmate appeal was again partially granted as to plaintiff's request to be seen by an orthopedic specialist and to be provided occupational and physical therapy. (Id.) The second level response was returned to plaintiff on May 10, 2004. (Id.) Accordingly, plaintiff had fifteen working days to appeal to the third or Director's level of review. (Id.) However, no appeal to the third level was submitted by plaintiff. (Id.)

In support of his arguments in this regard, defendant Dr. Rohrer has submitted several declarations. D. Foston, the Chief of the Inmate Appeals Branch, has submitted a declaration confirming that plaintiff exhausted appeal Log No. PVSP-07-01024. (Doc. No. 19-2 at 3.) He also describes the inmate grievance system and explains that an inmate appeal "must be submitted within 15 workings days of the event or decision that is the subject of the appeal[.]" (Id. at 1.) Santos Cervantes, one of two Appeals Coordinators at CSP-Solano, has provided a declaration concerning plaintiff's inmate appeal Log No. CSP-04-00844, which Cervantes describes as a "medical appeal" concerning "ADA issues." (Doc. No. 19-4 at 3.) Cervantes also states that the second level response with respect to that inmate appeal was returned to plaintiff on May 10, 2004 and that he had 15 working days to appeal to the third level of review. (Id. at 3-4.) Copies of plaintiff's inmate appeal Log No. CSP-04-00844, the second level decision in response thereto, and tracking records with respect to that inmate appeal are also attached to the Cervantes declaration. (Doc. No. 19-5.) Finally, defendant Dr. Rohrer has submitted to the court copies of the California Code of Regulations, Title 15, §§ 3084, et seq. and 3085 governing inmate appeals and ADA requests. (Doc. No. 19-7.)

II. <u>Plaintiff's Opposition</u>

In his notice of opposition, plaintiff contends that on May 10, 2004, his inmate appeal CSP-S-04-00844 was reviewed by defendant Dr. Rohrer at the second level of review. (Doc. No. 26 at 2.) Plaintiff contends, however, that he never received the second level decision and that on August 24, 2004, he was transferred to the California Correctional Institution. (<u>Id.</u>) Plaintiff asserts that, under these circumstances, he properly exhausted his available administrative remedies through inmate appeal CSP-S-04-00844 prior to filing this civil action. (<u>Id.</u>)

Plaintiff also contends that his Eighth Amendment claim against defendant Dr. Rohrer is meritorious. (Doc. No. 27.) Plaintiff clarifies that he is not asserting an ADA claim in this civil action. (Doc. No. 27 at 4.) Plaintiff argues that defendant Dr. Rohrer "had an obligation" to refer plaintiff to a "certified Orthopedic surgeon" and that defendant's failure to do so demonstrates deliberate indifference to plaintiff's serious medical needs. (<u>Id.</u> at 5.)

III. <u>Defendant's Reply</u>

Defendant Dr. Rohrer responds to plaintiff's contention that he never received second-level response to his inmate appeal CSP-S-04-00844, by noting that plaintiff has failed to provide any evidence supporting such a claim. (Reply (Doc. No. 28) at 2.) Defendant refers to the declaration of Santos Cervantes and the exhibits attached thereto in support of his argument that a second level response was in fact returned to plaintiff on May 10, 2004, that plaintiff had fifteen working days to appeal to the third level of review and plaintiff simply did not submit an appeal to the third level of review. (<u>Id.</u> at 2-3.)

In his reply defendant Dr. Rohrer also for the first time argues that plaintiff's civil action is untimely. According to defendant, because the applicable statute of limitations is tolled during the administrative exhaustion process, plaintiff had four years from May 2004 to initiate this action. (<u>Id.</u> at 5.) Since plaintiff did not file this action until May 6, 2009, defendant argues that plaintiff's claims are barred by the applicable statute of limitations. (<u>Id.</u>)

## ANALYSIS

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. <u>See</u> Cal. Code Regs. tit. 15, § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. Cal. Code Regs. tit. 15, § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. <u>Butler v. Adams</u>, 397 F.3d 1181, 1183 (9th Cir. 2005); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002).

7

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt , 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[3] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Plaintiff's Inmate Appeals

    A. Log No. CSP-S-04-00844 (Doc. No. 19-5)

This inmate appeal is dated, March 12, 2004. In the section of the appeal form where plaintiff was called upon to describe the problem about which he was complaining, plaintiff stated, "See Attachment 1824" which is a "Reasonable Modification for Accommodation Request." In the referred to request form, plaintiff described the problem about which he was complaining to prison officials as follows:

> As of this here moment I'm being deprived of necessary pain medications issued from sending state prison (Vicodin, Vioxx, Baclofen) that were issued to me from previous institution. In

---

[3] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b). (Order filed Oct. 21, 2010 (Doc. No. 16) at 3-4.)

        addition to not having access to grab bars for showering here at
CSP-Solano, as I had access to from my last accommodation
request. Also I am being denied the opportunity of occupational
physical therapy.

(Doc. No. 19-5 at 7.) As for the specific modification or accommodation that he was requesting through his inmate appeal, plaintiff answered as follows:

        Be seen by an orthopedic surgeon, have my MRI read back to me,
for knee damage. And havi- [sic] my medications be despensed
[sic] to me. Have access to some occupational therapy for back, as
well as having accommodation of a shower grab bars in shower
stall or be sent to an institution medical facility who's able to
accommodate such.

(Id.)

    B. Log No. PVSP 07-01024 (Doc. No. 1 at 39-40, 40-43)

        Plaintiff's inmate appeal Log No. PVSP 07-01024 was dated, March 21, 2007. Therein, plaintiff described the problem about which he was complaining to prison officials, and the relief he was seeking, as follows:

        On or about Nov./Dec. 2006, at approximately, 0800 hrs writer was
given a priority pass for Telemeds in which he was scheduled to
see Doctor Smith, D., M.D. (Orthopedic Specialist) a follow up
consultation pertaining to his tear in left shoulder and F/U on his
surgery of right knee. After the ending of that telemed consultation
ended. [sic] Patient was then seen a week later for the
recommended surgery of his left shoulder by Doctor Diep, on "C"
yard facility clinic. Dr. Diep, has filled out the necessary out
patient paper work in which he has agreed to after looking at up-to-
date data "MRI." The recommended MRI of the left elbow has not
been taken as of this here date. Since then the left elbow has
become froze whereas before it was just stiff. Without adequate
medical attention I've became forced to be relieved from my
present job assignment therefore, my basic daily activities has been
abruptly stopped. My condition has resulted in further significant
injury and of the unnecessary and wanton infliction of pain has
worsened. It has significantly affected my daily activities; and thus
the existence of my chronic and substainial [sic] pain continue.
These ongoing conditions has been going on well over (2) two
years.

                * * *

/////

> In accordance to (CCR) California Rules of Regulations Tittle [sic] 15. §§3350.(a) (1)(3)(3)(5); 3350.2.(a). [sic] That all recommended surgery's [sic] be performed as well as required specialized services on an emergency bases forthwith.

(Doc. No. 1 at 39 & 43.)

In response to prison officials' partial granting of his inmate appeal, Log No. PVSP 07-01024, at the second level of review plaintiff sought Director's Level review with respect to that appeal, stating his reasons as follows:

> Dissatisfied: See original I/M 602.  Dissatisfied with partially granted I/M/Parollee [sic] appeal due to inadequate Health Care Services Provisions.  On 12/15/06, after a telemedicine [sic] consultation with Dr. Smith, M.D., [Orthopedic Surgeon] after going over the up-to date data his assessment was send [sic] patient in for needed (L) shoulder surgery.  Shoulder surgery was to have been done back in 2004.  It's now 2007.  That's a shame!!!  On 06/05/07, with consultation with Dr. Rashidi, M.D., [Neurosurgeon] he also recommended/ordered orthopedic specialist.  Have all surgery done without further ado.

(Id. at 16.)

III.  Discussion

A cursory review of plaintiff's first inmate appeal, Log No. CSP-S-04-00844, reveals that this grievance does not concern the issues raised in plaintiff's amended complaint filed in this action.  Rather, through that inmate appeal plaintiff was complaining of a violation of the ADA and was seeking pain medications, the installation of grab bars in the showers at his institution of confinement, and physical therapy.  Moreover, plaintiff has clearly stated in his opposition to the pending motion to dismiss that he is not pursuing an ADA claim in this civil action.  Therefore, inmate appeal Log No. CSP-S-04-00844 cannot serve to exhaust administrative remedies with respect to claims raised in this civil action.  Rather, it is irrelevant to the civil action pending before the court.  Accordingly, the court need not address plaintiff's assertion that he never received the second-level decision issued in connection with this inmate appeal.

The court finds that in his second inmate appeal, Log No. PVSP-07-01024, plaintiff did address to prison officials his complaint concerning delays in obtaining medical care for his left shoulder. In this inmate appeal plaintiff also presented factual allegations regarding other medical procedures. However, he consistently stated therein that the relief he sought was "all recommended surgery's" [sic] (Doc. No. 1, ¶ B at 39), including that the "recommended left shoulder . . . surgery should not be delay." (Id. ¶ D at 39.) In this inmate appeal plaintiff complained that he had been waiting to have surgery on his shoulder since 2004. (Id. ¶ H at 40.) Likewise, in his amended complaint, plaintiff alleges that defendant Dr. Rohrer saw him in 2004, reviewed plaintiff's MRI and informed plaintiff that he needed left shoulder surgery. See Am. Compl., ¶¶ 13-14 at 7. Plaintiff's inmate appeal Log No. PVSP-07-01024 raised with prison officials his concerns over the delay he was experiencing in obtaining medical care and surgery for his left shoulder. Those are the same issues raised in plaintiff's amended complaint. It is undisputed that plaintiff pursued this inmate appeal through the director's level of review prior to his filing of this civil action.

The court finds defendant Dr. Rohrer's argument that appeal number PVSP 07-01024 failed to put him or the medical staff at CSP-Solano on notice of plaintiff's claims to be unpersuasive. "The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedure. Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (citing Jones v. Block, 549 U.S. 199, 218 (2007)). "[W]hen a prison grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Morton, 599 F.3d at 946 (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)).[4] See also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). Thus,

---

[4] In Griffin the Ninth Circuit was addressing this issue in the context of a jail grievance procedure that merely instructed the inmate to "'[b]riefly describe [the] complaint and a proposed resolution[,]'" which is substantially similar to what is requested by the CDC 602 form that California prisoners are required to complete under that state's grievance procedure.

"[t]he primary purpose of a grievance is to alert the prison to a problem and to facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120. Here, the court finds that plaintiff's inmate appeal, PVSP 07-01024, served the purpose of the administrative exhaustion requirement by alerting prison officials to plaintiff's problem concerning the delay in obtaining the necessary medical care for his left shoulder, a delay that had spanned several years.[5]

The court is also not persuaded by defendant's argument that plaintiff's administrative appeal PVSP 07-01024 was untimely. First, that inmate appeal was considered at all levels of review and was not rejected by prison officials as untimely. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. In addition, the court notes that the current regulations governing such grievances in California prisons do not establish a specific time limit for the submission of an inmate appeal with respect to issues that are ongoing, such as those presented in this case. See 15 Cal. Code of Regs. § 3084.6(c)(4) (West 2011) (The "appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing . . . the inmate . . . may appeal any time during the duration of the event.")

The court also rejects as wholly unsupported defendant's argument that plaintiff's claims are unexhausted because plaintiff's failed to name defendant Dr. Rohrer in his administrative appeal. "Neither the PLRA itself nor the California regulations require an inmate to identify responsible parties or otherwise to signal who ultimately may be sued." Sapp, 623 at 824. In short, on this record, the court finds that defendant has failed to meet his burden of proving the absence of exhaustion. See Wyatt , 315 F.3d at 1119.

---

[5] The court rejects defendant Dr. Rohrer's argument that in order to properly exhaust his administrative remedies, plaintiff was required to file his inmate appeal while he was incarcerated at CSP-Solano instead of after his transfer to PVSP. Defendant has cited no authority in support of this argument and the court is not aware of any. There appear to be no regulations or instructions on the inmate appeal form so limiting an inmate who wishes to pursue administrative remedies with respect to a claim of ongoing delay in providing adequate medical care. To hold otherwise would punish a prisoner who remained patient and relied upon the assurances of prison officials that the requested medical care would be provided.

Finally, the court will not address defendant's argument that this civil action should be dismissed because it is barred by the applicable statute of limitations. Defendant improperly raised this argument for the first time in his reply brief in support of the pending motion and thereby did not provide plaintiff an opportunity to respond to the argument.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 12, 2011 motion in response to the court's order to show cause and request to discharge the order to show cause (Doc. No. 25) is granted; and

2. The order to show cause, filed on March 1, 2011, is discharged.

Also, IT IS HEREBY RECOMMENDED that defendant's January 14, 2011 motion to dismiss the amended complaint due to plaintiff's alleged failure to exhaust his available administrative remedies prior to filing suit (Doc. No. 19) be denied and that defendant be ordered to file his answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
turn0632.mtd