IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN KEVIN TURNER,

    Plaintiff,                      No. CIV S-09-0632 GEB DAD P

    vs.

KATHLINE DICKINSON, et al.,       <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, and a supplemental state law claim under California Civil Code § 43. Before the court is defendant Dr. Rohrer's request for clarification as to the claims upon on which this action is proceeding.

I.  **Background**

        In his original complaint plaintiff alleged that prison officials failed to provide him necessary testing and medical treatment for his left shoulder pain. In that original complaint plaintiff named several defendants employed at four different correctional facilities. Because plaintiff failed to provide sufficient factual allegations in support of an Eighth Amendment claim based upon inadequate medical care, the court dismissed the complaint and granted plaintiff leave to file an amended complaint which addressed the noted deficiencies. (Doc. No. 7 at 5.) In

the order of dismissal, plaintiff was advised that he should not include defendants who were employed at Pleasant Valley State Prison and Tehachapi Maximum Security Prison in any amended complaint filed in this court because the proper venue over any inadequate medical care claims arising at Pleasant Valley State Prison was in the Fresno Division of the U.S. District Court for the Eastern District of California. (Id. at 6.) However, the court determined that venue was proper in the Sacramento division of the court with respect to plaintiff's claims against defendants Dr. Rohrer, Warden Dickinson and Chief Medical Officer Traquina. As to those defendants, plaintiff was granted leave to file an amended complaint in this court which provided sufficient factual allegations regarding the defendants' involvement in the alleged constitutional violation, particularly with respect to the supervisorial defendants named in the original complaint. (Id. at 6-7.)

In his amended complaint filed January 6, 2010, plaintiff has named defendants Rohrer, Dickinson and Traquina. The court screened plaintiff's amended complaint and in that order determined that plaintiff had again failed to set forth sufficient factual allegations concerning supervisorial defendants Dickinson and Traquina to state a cognizable claim. (Doc. No. 14 at 2.) Accordingly, the court ordered service of process only on defendant Rohrer. (Id.) The court also noted that any claim that plaintiff was attempting to bring against defendant Dr. Rohrer was not cognizable. (Id. at 1 n.1.)

Thereafter, defendant Rohrer moved to dismiss the amended complaint due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Doc. No. 19.) On July 19, 2011, the undersigned issued findings and recommendations recommending that the defendant's motion to dismiss be denied. (Doc. No. 29.) In a footnote, the court noted that this action is proceeding on the five claims presented in the amended complaint and not just on an Eighth Amendment medical care claim. (Id. at 2 n.1.) Those findings and recommendations were adopted by the assigned District Judge on September 7, 2011. (Doc. No. 31.)

/////


## II. Discussion

In the pending request, defendant Dr. Rohrer seeks clarification as to the claims on which this action is proceeding. He asserts that it is not possible to file an answer to the amended complaint because the court's September 21, 2010 order indicates this action is proceeding on only one of five claims but a subsequent order and findings and recommendations indicates the action is proceeding on five claims presented by plaintiff's amended complaint.

The court finds counsel's confusion understandable and will take this opportunity to screen all five claims alleged in plaintiff's amended complaint.[1] As explained in this court's November 9, 2009 order, the court is required to screen complaints brought by prisoners seeking relief against an employee of a governmental entity. See 28 U.S.C. § 1915A(a).

### A. First Claim for Relief

The court construes plaintiff's first claim for relief as an Eighth Amendment claim alleging that he received inadequate medical care. The court also finds that plaintiff has stated a cognizable Eighth Amendment medical care claim against defendant Dr. Rohrer. Plaintiff has previously been advised that a claim of inadequate medical care in violation of the Fourteenth Amendment is not cognizable. See Doc. No. 14 at 1 n.1.

### B. Second Claim for Relief

In the second claim of his amended complaint, plaintiff alleges that the defendants violated his "right to personal security in violation of his rights under the Eight [sic] and Fourteenth Amendment to the United States Constitution." Am. Compl. (Doc. No. 12) at 11. The court finds that this claim is duplicative of plaintiff's first claim for relief. In this regard, under the section of the amended complaint titled, "Facts," plaintiff alleges that defendant Dr. Rohrer "failed to protect plaintiff's right to adequate medical care under the eight and Fourteenth

---

[1] The court's September 21, 2010 order in which it was found that plaintiff had failed to state cognizable claims against defendants Dickinson and Traquina, remains in effect.

Amendment . . . because/or when he knew after reviewing the MRI of plaintiff's left shoulder." (Id. at 9.) Although couched in "failure to protect" language, both of plaintiff's first two claims are based on the Eighth Amendment and allege that defendant Dr. Rohrer failed to provide plaintiff with constitutionally adequate medical care.[2] Therefore, the court will recommend that the second claim for relief set forth in plaintiff's amended complaint be dismissed as duplicative.

      C.  Third Claim for Relief

In the third claim of his amended complaint plaintiff alleges that he was the victim of an illegal conspiracy actionable under 42 U.S.C. §§ 1985 and 1986. Specifically, plaintiff alleges as follows:

> Plaintiff is informed and believes, and therefore alleges on information and belief, that defendants' [sic] Alvaro C. Traquina, John Rohrer, and John and Jane does 1 through 45, planned and conspired by transferring plaintiff form [sic] state prison to state prison, and failed to properly train and supervise John Rohrer, M.D., in the exercise of his duties as a physician and surgeon at (CSP) Solano State Prison, and in treating plaintiff. And threrfore [sic] were deliberate indifference [sic] to plaintiff's serious medical condition in violation of plaintiff's right to be free form cruel and unusual punishment proscribed by the Eight [sic] and Fourteenth Amendment to the United States Constitution, and in violation of California State law.

(Doc. No. 12 at 10.)

42 U.S.C. § 1985(3) provides:

> [i]f two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a cause of action under § 1985(3), plaintiff must allege and prove four elements: (1) a

---

[2] As previously noted, plaintiff has failed to state a cognizable Fourteenth Amendment claim based upon his allegations of the denial of adequate medical care.

4

conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United States Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)). Here, plaintiff has not alleged facts which evidence a conspiracy or alleged specific acts in furtherance of the conspiracy. "A mere allegation of conspiracy without factual specificity is insufficient to support a claim." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990). In addition, there are no allegations in plaintiff's amended complaint showing an agreement or a meeting of the minds to violate plaintiff's constitutional rights. Anderson v. District Attorney Office, No. 11-CV-0572-IEG (MDD), 2011 WL 5360142 at *16 (S.D. Cal. Nov. 4, 2011) (citing Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) and Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). Therefore, the court will recommend that any claim brought by plaintiff pursuant to 42 U.S.C. § 1985 be dismissed.

The court will also recommend that any conspiracy claim brought by plaintiff pursuant to 42 U.S.C. § 1986 be dismissed as well. "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). "Section 1986 conspiracy claims are 'derivative of § 1985 violations.'" Wilson v. Moore, 270 F. Supp. 2d 1328, 1354 (N.D. Fla. 2003) (quoting Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997)). Therefore, since plaintiff has failed to state a cognizable claim under § 1985, his § 1986 claim must fail as well.

D. Fourth Claim for Relief

In the fourth claim of his amended complaint, plaintiff alleges that in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution and of California law, defendants Traquina, Dickinson and Rohrer failed to properly supervise and train Doe defendants

and defendant Dr. Rohrer. As indicated above, plaintiff was previously advised that supervisorial personnel are generally not liable under § 1983 for the actions of their employees and that such claims of constitutional violations based upon supervisorial liability must be alleged with specificity. See Doc. No. 7, at 7. The court has previously determined that plaintiff failed to allege sufficient facts to state a cognizable claim against supervisorial defendants Traquina and Dickinson. The amended complaint contains no allegation suggesting that defendant Dr. Rohrer even held a supervisorial position. Therefore, the undersigned will recommend that plaintiff's fourth claim for relief be dismissed in its entirety.

E.  Fifth Claim for Relief

In the fifth claim of his amended complaint, plaintiff alleges that the defendants failed to carry out their duty to protect him from harm in violation of California Civil Code § 43, et seq. (Doc. No. 12 at 12.) California Civil Code § 43 provides:

> Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right to protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

"This provision codifies causes of action for assault, battery, and invasion of privacy." Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 2043899, at *8 (E.D. Cal. July 14, 2009). See also Shead v. Vong, No. 1:09-cv-00006-OWW-SMS PC, 2009 WL 2905886, at *6 (E.D. Cal. Sept. 8, 2009) ("Cal. Civil Code § 43 sets forth a statement of general personal rights and creates a statutory rubric from which personal tort actions spring. To establish a claim of assault and battery . . ., a plaintiff must establish that (1) the defendant touched the plaintiff, intending to harm him, (2) that the plaintiff did not consent to be touched, (3) that the plaintiff was injured by the defendant's touch, and (4) that the officer used excessive force."). "[T]he phrase 'right of protection from bodily restraint or harm' refers simply to an individual's right to be free from physical attack or the threat thereof." People v. Lashley, 1 Cal. App. 4th 938, 951 (1991). Here, there are no allegations in plaintiff's amended complaint that defendants engaged in conduct

prohibited by this state statutory provision. Moreover, the court has uncovered no authority for the proposition that plaintiff's allegations concerning the adequacy of his medical care would fall within this statutory provision. See Atilano v. County of Butte, No. CIV S-07-0384 FCD KJM, 2008 WL 4078809, at *6 (E.D. Cal. Aug. 29, 2008) (granting summary judgment in favor of defendant on plaintiff's claim concerning allegations of inadequate medical care brought under California Civil Code §43 ). Therefore, the court will recommend that this state law claim be dismissed as well.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Defendant's October 5, 2011 request for clarification (Doc. No. 32) is granted; and

2. Defendant's answer shall be filed within fourteen days following any order by the assigned District Judge with respect to these findings and recommendations.

IT IS HEREBY RECOMMENDED that:

1. The second claim of plaintiff's amended complaint (Doc. No. 12) be dismissed as duplicative;

2. The third, fourth and fifth claims of plaintiff's amended complaint be dismissed for failure to state a cognizable claim; and

3. This action proceed solely on plaintiff's first claim against defendant Dr. Rohrer for providing plaintiff inadequate medical care in violation of his rights under the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011.

*[Signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
turn0632.clar